# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER DURRETTE | ) CIVIL ACTION NO.: |
| | ) |
| Plaintiff, | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| | ) |
| v. | ) |
| | ) |
| FRANCISCAN HEALTH SYSTEM, | ) |
| | ) |
| Defendants, | ) |

Plaintiff, Roger Durrette, by and through his undersigned counsel, the Law Office of Joseph P. Devlin II, PLLC, hereby complains against the Defendant, Franciscan Health System, specifically St. Francis Hospital as follows:

### I.   JURISDICTION AND VENUE

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5).  Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g).  Jurisdiction is based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C.

Sections 1981 et seq.  Where employment discrimination is based upon age is alleged jurisdiction is conferred by 29 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.  This Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments.  This court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Washington, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

Venue is proper in the United States District Court for the District of Western Washington pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred.

## II.  STATEMENT OF CLAIM

2.1  This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Defendant.  This action arises out of the illegal and wrongful discharge of Mr. Roger Durrette on or about April 4, 2011.  Mr. Durrette alleges, inter alia, that he was terminated from his employment based, in whole or in part, upon his gender and / or race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

Beginning on about October 15, 2007, Roger Durrette, an African-American male, was employed by Franciscan Health System at St. Francis Hospital.  During his tenure at St. Francis hospital, Mr. Durrette performed his duties in a professional and outstanding manner.  In or around

### III. PARTIES

3.1 Plaintiff, Roger Durrette, an African-American, is an adult male individual and citizen of the United States, who resides at 11508 19th Ave. Ct. S., Tacoma, WA 98444.  At all relevant times Mr. Durrette was an employee of Franciscan Health System, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et. seq., and applicable case law.

3.2 Defendant, Franciscan Health System, is a not for profit corporation or similar business entity organized and existing under the laws of the State of Washington.  At all relevant times, Defendant Franciscan Health System employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.

### IV. ADMINISTRATIVE PREREQUISITES

4.1 Mr. Durrette has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 as follows:

4.1.1   Mr. Durrette timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission [hereinafter referred to as E.E.O.C.];

4.1.2   Mr. Durrette promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated in the agency's' investigation of this matter;

4.1.3   Mr. Durrette has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action.  No administrative prerequisites are required before a Plaintiff files a complaint pursuant to the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

4.1.4   The E.E.O.C. issued a notice of right to sue on May 17, 2012, that was received by Plaintiff on May 19, 2012.

### V. FACTUAL ALLEGATIONS

5.1 Plaintiff, Roger Durrette was employed by Defendant Franciscan Health System on or about October 15, 2007 at St. Francis Hospital located in Federal Way, Washington.

5.2 At all relevant times, Franciscan Health System employed in excess of fifteen (15) employees for at least twenty calendar weeks in 2007, 2008, 2009, 2010, 2011, 2012.

5.3 At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Mr. Durrettes' employment were governed and controlled by Defendant Franciscan Health System.

5.4 At all relevant times, Mr. Durrette fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant Franciscan Health System.

5.5 Mr. Durrette has a history and record of regular salary increases and bonuses.

5.6 Defendant Franciscan Health System had a policy regarding harassment and discrimination in the workplace.

5.7 Pursuant to the Franciscan Health System on harassment, it is defined as derogatory slurs or other verbal or non-verbal conduct relating to an individual's race, sex, religion, national origin, age, sexual orientation, color, veteran status, marital status, disability, or other legally protect status.

5.8 Upon information and belief and as set forth herein, Defendant Franciscan Health System applies this policy in a manner that discriminates against its employees on the basis of gender, and / or race.

5.9 Upon information and belief, Defendants' accusations were not credible.

5.11 On or about April 19, 2011, Defendant Franciscan Health System terminated Mr. Durrette from his employment.  The stated reason for Mr. Durrettes' discharge was misconduct and dishonesty with regard to the investigation into Mr. Durrettes' alleged conduct.

5.12 At all relevant times, Mr. Durrette vehemently denied all allegations of misconduct.

## VI. CAUSES OF ACTION

6.1 **FIRST CAUSE OF ACTION**:  Defendant Franciscan Health Systems' Violation of Title VII's Prohibition Against Employment Discrimination Gender Discrimination – Disparate Treatment

6.1.1   Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

6.1.2   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and 42 U.S.C. Section 1981A, for relief based upon the unlawful employment practices of the above-named Defendant.  Specifically, Mr. Durrette complains of Defendant Franciscan Health System' violation of Title VII's prohibition against discrimination in employment based, in whole or part, upon an employee's gender.

6.1.3   During his employment with Defendant Franciscan Health System, Mr. Durrette was a member of a class protected under Title VII against gender based discrimination by his employer, Defendant St. Francis Hospital, or by its supervisory personnel.

6.1.4   The Defendant alleged that a physician and another employee filed a complaint that they had witnessed the Plaintiff viewing sexually suggestive pictures on Defendant's electronic Equipment.

6.1.5   Defendant did not at any time disclose the name of physician who had made the complaint.

6.1.6   Defendant alleged that during the course of its investigation, there was evidence of electronic research conducted by Mr. Durrette.

6.1.7   Defendant did not disclose at any time this electronic research evidence that was alleged.

6.1.8   As a result of these allegations Mr. Durrette was terminated.  The Defendant replaced Mr. Durette with a female employee.

6.1.9   Defendant Franciscan Health System, further denied Mr. Durette equal employment opportunities because of his gender, male, to wit:

6.1.9.1  At all relevant times, Defendant St. Francis Hospital knew that the discriminatory conduct complained of herein was without cause as Mr. Durrette had consistently satisfied and / or exceeded all the requirements of the position.

6.1.9.2  As a result of Defendant St. Francis' employment policies, procedures and practices, Mr. Durrette was unjustly and discriminatorily deprived of equal employment opportunities because of his gender, male.

6.1.9.3  At all relevant times, Defendant Franciscan Health System knew that the conduct complained of herein was without cause as Mr. Durrette had consistently satisfied and/or exceeded all the requirements of

6.1.9.4  As a further result of Defendant St. Francis' above stated actions, Mr. Durrette has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his gender and in an amount to be proven at trial.

6.1.9.5 The above-named Defendants' conduct was a direct and proximate cause of the injuries, damages and harm suffered by Mr. Durrette.

6.1.9.6 Furthermore, Defendant Franciscan Health System intentionally and / or with reckless indifference, engaged in the above stated discriminatory practices against Mr. Durrette, contrary to Mr. Durrettes' federally protected rights as guaranteed to him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended and 42 U.S.C. Section 1981.

6.1.9.7  The intentional and discriminatory conduct of Defendant St. Francis Hospital complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive / exemplary damages which will serve as an example and deterrent to Defendant and other others who would commit similar illegal acts.

6.1.9.8 As Defendant St. Francis Hospital engaged in discriminatory practices with malice or other reckless indifference to Mr. Durrettes' federally protected rights, Mr. Durrette is entitled to punitive / exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981A.

6.2     **SECOND CAUSE OF ACTION:** Defendant Franciscan Health Systems' violation of Title VII's Prohibition Against Employment Discrimination Racial Discrimination – Disparate Treatment.

6.2.1  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

6.2.2  This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and 42 U.S.C. Section 1981A, for relief based upon the unlawful employment practices of the above-named Defendant.  Specifically, Mr. Durrette complains of Defendant St. Francis' violation of Title VII's prohibition against discrimination in employment based, in whole or part, upon an employee's race.

6.2.3  Mr. Durrette is an African-American male and during his employment with Franciscan Health System was a member of a class protected under Title VII against race based discrimination by his employer, Defendant Franciscan Health System, or its supervisory personnel.

6.2.4 The Defendant alleged that a physician and another employee filed a complaint that they had witnessed the Plaintiff viewing sexually suggestive pictures on Defendant's electronic Equipment on March 24, 2011.

6.2.5   Defendant did not at any time disclose the name of physician who had made the complaint.

6.2.6   Defendant alleged that during the course of its investigation, there was

evidence of electronic research conducted by Mr. Durrette.

6.2.7   Defendant did not disclose at any time this electronic research evidence that was alleged.

6.2.8  Defendant on April 4, 2011 alleged Mr. Durrette had again violated policy after the March 24, 2011 meeting.  Again there was no disclosure of witnesses or evidence of these events.

6.2.9  As a result of these allegations Mr. Durrette was terminated.

6.2.10  At all relevant times, Mr. Durrette fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant Franciscan Health System.

6.2.11  Defendant replaced Mr. Durrette with an individual who was not African-American.

6.2.12 As a result of Defendant Franciscan Health Systems' employment policies, procedures and practices, Mr. Durrette was unjustly and discriminatorily deprived of equal employment opportunities because of his race.

6.2.13  As a further result of Defendant Franciscan Health Systems' above stated actions, Mr. Durrette has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his gender and in an amount to be proven at trial.

## VII.   DAMAGES

The conduct of the above-named Defendant, as set forth herein, in violating Mr. Durrettes' rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Section(s) 2000e et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; and the common law of Washington, caused injuries, damages and harm to Mr. Durrette, including but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional

distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

WHEREFORE, Plaintiff Roger Durrette requests judgment and damages against Defendant, the Franciscan Health System as follows:

A.  A declaratory judgment that Defendant has violated Mr. Durrettes' right to be free from discrimination in the workplace pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.; the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981; 42 U.S.C. Section 1981A;

B.  Enter an injunction order Defendant Franciscan Health System to make Plaintiff whole with back pay, benefits and reinstatement to a position Mr. Durrette would have obtained in the absence of discrimination or, in the alternative, front pay.

C.  An award to Mr. Durrette for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

D.  An award to Mr. Durrette for reasonable attorneys' fees and costs, including but not limited to expert witness fee, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42 U.S.C. Section 1981A, 42 U.S.C. Section 1988 and as provided under state law;

E.  An award to Mr. Durrette of interest on any awards at the highest rate allowed by law; and

F.  Such other and further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW.

Respectfully submitted,

Dated this ___13ᵗʰ___ day of August 2012

_____

Joseph P. Devlin II, WSBA #39674

Attorney for Plaintiff

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at ___TACOMA WA___ on ___8-13-2012___.

_____

Roger Durrette, Plaintiff

```
11508 19th Ave. Ct. S.
Tacoma, WA 98444-1434
```

```
Law Office of Joseph P. Delin, II PLLC
P.O. Box 11266
Tacoma, WA 98411-1266
```

Case 3:12-cv-01395-RSM  Document 1  Filed 08/16/12  Page 11 of 11

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Roger A. Durrette

C/O Joseph Devlin
1019 Pacific Ave. Suite 1113
Tacoma, WA 98402

From: Seattle Field Office
909 First Avenue
Suite 400
Seattle, WA 98104

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2012-00008 | Valarie Johnson,<br>Investigator | (206) 220-6934 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Francis Palmer Jr_                    MAY 1 7 2012

Michael Baldonado,
District Director                              (Date Mailed)

Enclosures(s)

cc:  ST FRANCIS HOSPITAL
Attn: Leslie J. Soltis
MS 21-70 34515 9th Ave S
Federal Way, WA 98003